AETNA INSURANCE COMPANY, A CORPORATION, *Plaintiff in Error, v.* JAMES HOLMES AND H. Y. TOOKES, *Defendants in Error.*

FIRE INSURANCE—WAIVER OF PROOFS OF LOSS BY LOCAL AGENT—POWERS OF AGENTS.

1.   A local agent of a fire insurance company who has authority to issue policies for the company and to collect premiums therefor also has authority to waive required proofs of loss by repudiating on behalf of the company after a loss all liability on such policy, either in writing or by parol or by matter *in pais.*

2.   The acts of an agent performed within the scope of his real or apparent authority are binding upon his principal. The public have a right to rely upon an agent's apparent authority, and are not bound to enquire as to his special power, unless the circumstances are such as to put them upon enquiry.

This case was decided by the court En Banc.

Writ of error to the Circuit Court for Suwannee County.

The facts in the case are stated in the opinion of the court.

*Cockrell & Cockrell,* for Plaintiff in Error;

*Hardee & Butler,* for Defendants in Error.

TAYLOR, J.—The defendants in error as plaintiffs below sued the plaintiff in error in the Circuit Court of Suwannee County on a policy of fire insurance and recovered judgment and the defendant the insurance company brings the case here by writ of error. The defendant

pleaded that the plaintiffs have failed to furnish the notice and proof of loss within the time limited by the policy. To these pleas the plaintiff by replication set up that the local agent of the company after the loss had waived the proofs of loss by absolutely denying any and all liability by the defendant company on the policy sued upon. At the trial the court gave the following charge which is assigned as error:

"If you believe from the evidence in this case that the defendant company, through its agent, B. W. Helveston, issued a fire insurance policy to the plaintiff in this case, and that they received a premium for that policy from the plaintiff, and that during the life of that policy the house was burned down and totally destroyed; and if you believe from the evidence in this case that the plaintiff sought to recover his loss from the agent that issued the policy, to-wit, B. W. Helveston, and that the defendant through its agent B. W. Helveston repudiated the policy and absolutely denied the liability of the defendant for that loss, or words amounting to that same thing, then you should find that the company had waived the requirement of this proof, because the law is that where a local agent of an insurance company has authority to represent the company in making contracts of insurance, in collecting premiums and in signing policies, he also has authority to waive proof of loss, either in writing or by parol or by matters in pais, which amounts to an estoppel. An insurance company cannot make its local agent a medium through which all the benefits of a policy flow from the insured to it, and then deny he has authority to represent it when the benefits of the insured are involved. The acts of an agent performed within the scope of his real or apparent authority are binding upon his principal. The public have a right to rely upon an agent's apparent authority, and are not bound to enquire as to his special

power, unless the circumstances are such as to put them upon inquiry. The court charges you that the plaintiff in this case is not called upon to enquire as to Mr. Helveston's authority to waive the requirements of notification in writing of the loss he, sustained, and would not be bound by the lack of authority upon the part of Mr. Helveston, unless he had been put upon notice."

Other charges of similar import are also assigned as error.

That there was no error in these charges is fully settled here in the case of Indian River State Bank v. Hartford Fire Ins. Co., 46 Fla. 283, 35 South. Rep. 228. Eagle Fire Co. v. Lewallen & Co., 56 Fla. 246.

The proofs in the case although conflicting abundantly sustain the verdict returned by the jury. Finding no error the judgment of the court below in said cause is hereby affirmed at the costs of the plaintiff in error.

WHITFIELD, C. J., and SHACKLEFORD, HOCKER and PARKHILL, J. J., concur.

COCKRELL, J., absent.