CHARLES F. DOLL ET AL., APPELLEES, V. BERTHA GETZSCH-MANN ET AL., APPELLANTS.

FILED NOVEMBER 28, 1911.   No. 16,991.

1. **Vendor and Purchaser: CONSTRUCTION OF CONTRACT: INDORSEMENT ON NOTE.** Where a vendor of real estate takes a series of notes for deferred payments, and at the time they are executed indorses one of the notes "paid" and surrenders it to the purchaser pursuant to the contract of purchase, the indorsement is a substantive part of the note.

2. **Evidence: NOTES: INDORSEMENT: PAROL EVIDENCE.** Facts showing that an indorsement on a note when executed is a substantive part of the note may be proved by parol evidence.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed with directions.*

*Charles W. Haller,* for appellants.

*George W. Shields, contra.*

ROSE, J.

This is a suit by vendors to foreclose a contract for the sale of real estate. Defendants are the purchasers. According to the petition, the purchase price was $6,005, defendants agreeing to pay $5 down and $1,000 annually for six years with interest on the entire debt, each of the six deferred payments being evidenced by a separate promissory note executed by the purchasers. The contract is set out in the petition, and refers to the notes in these words: "Said sum of $6,000 is further evidenced by six

certain promissory notes each bearing even date herewith and payable on or before one, two, three, four, five and six years after date, respectively." The first note was paid, and defendants are resisting payment of the last one only, the entire debt having been declared due for nonpayment of interest. Charles F. Doll and Amelia Doll, plaintiffs, are named in the contract as vendors, but August Doll acted for them in selling the real estate and in making the contract. The answer of defendants contains the following averments:

"(3) On or about June 11, 1907, the date of the contract set out in the petition, said August Doll and defendants had numerous matters of dispute and controversy growing out of their prior dealings just referred to, some pending in suit brought in the name of said Charles F. Doll; and said August Doll, always acting with the fullest authority and consent of said Charles F. Doll, made and effected with the defendants a compromise or settlement according to which the defendants were to pay, in full for all the lots described in the contract set out in the petition, a balance of $5,000 only in yearly payments of $1,000 each. Said August Doll insisted, however, that the contract should be drawn for $6,005, as set out in the petition, accompanied by six notes, and that the $1,000 note last falling due according to its terms should be kept and not delivered by the defendants and he would mark and indorse it paid.

"(4) Thereupon, the defendants and said August Doll carried out said arrangement, the one $1,000 note not being delivered, and being marked and indorsed by said August Doll: 'Paid July 12, 1907. August Doll.' "

Allegations of new matter in the answer are denied by a reply containing this plea: "These plaintiffs further deny the allegations and each of them in paragraph three in said answer, except that these plaintiffs admit that the said August Doll was acting for them as their agent in and about the transfer of and sale of said property to the defendants, but the plaintiffs allege the fact to be that

the said August Doll never had any authority to sell said land for less than the sum of $6,005, and never had any authority to give to the said defendants or either of them any credit upon said sale except for actual cash; and the said August Doll had no authority to make any such contract with the said defendants as is set forth in said third paragraph of said answer."

After a full hearing, the trial court found that "August Doll, as agent of said Charles F. Doll, made with the defendants the agreement set out in paragraphs three and four of the said answer, and that the $1,000 promissory note last maturing, to wit, on July 1, 1913, was pursuant to said agreement never delivered by defendants, and was pursuant to said agreement indorsed by said August Doll: 'Paid July 12, 1907. August Doll.' The court finds as a matter of law, however, that all evidence admitted to prove the agreement set out in paragraphs three and four of the said answer was incompetent, irrelevant and immaterial, for the reason that said evidence tended to vary and modify a written contract." From a decree foreclosing plaintiffs' lien, including the note in controversy, defendants have appealed.

Under the proofs admitted in evidence by the trial court, the findings of fact quoted are clearly correct. The conclusions of law, however, cannot be adopted. The reply admits that August Doll acted for plaintiffs in selling the real estate and in making the contract pleaded in the petition. That contract refers directly to the notes and they are all parts of one transaction. The last note of the series was indorsed "paid." The indorsement was made at the time of the execution of the note, which was never in fact delivered. The indorsement was an inducement to defendants to sign the contract of sale. Plaintiffs' agent made the indorsement for the purpose of selling his principals' property. It was clearly a part of the contract and note. The parties had a right to transact business in that manner though it is not the usual method. The general rule is that a memorandum or indorsement

on the back of a note when it is executed is a substantive part of the contract. *Kurth v. Farmers & Merchants State Bank,* 77 Kan. 475, 15 L. R. A. n. s. 612; *Grimison v. Russell,* 14 Neb. 521; *Polo Mfg. Co. v. Parr,* 8 Neb. 379; *Bay v. Shrader,* 50 Miss. 326; *Kalamazoo Nat. Bank v. Clark,* 52 Mo. App. 593; *Hughes v. Fisher,* 10 Colo. 383. The principle was stated in an early Massachusetts case as follows: "Where the payee of a note, at the time it was signed by the maker, and as a part of the same transaction, indorsed thereon a promise not to compel payment thereof, but to receive the amount when convenient for the maker to pay it, it was held that the indorsement must be taken as part of the instrument, and that the payee could never maintain an action thereon." *Barnard v. Cushing,* 45 Mass. 230. The doctrine is the same, though the indorsement is unsigned. *Hartley v. Wilkinson,* 4 Camp. (Eng.) 127; *Leeds v. Lancashire,* 2 Camp. (Eng.) 205. By signing the indorsement, August Doll did not invalidate it or detach it from the instrument of which it was a part. It was under the contract made by the agent for his principals that the note in controversy was marked "paid." They cannot be allowed to ratify the part beneficial to them and repudiate the rest. The agent conducted for plaintiffs the negotiations resulting in the contract of purchase. To consummate the deal, he marked the last note "paid," and allowed the makers to retain it. His principals, without possession of the sixth note, are now seeking to foreclose the contract of which it is a part. They have thus ratified the contract in its entirety, and are chargeable with the means employed by their agent to induce defendants to sign it, including the indorsement. Parol evidence is admissible to show that an indorsement on the back of a note was there when the note was executed. *Blake v. Coleman,* 22 Wis. 415. The trial court properly admitted proof of facts showing that the indorsement was part of the note.

It follows that the vendor's lien does not include the amount of the note marked "paid," and that defendants

are not liable for the payment thereof. The judgment is therefore reversed and the cause remanded to the district court, with directions to enter a decree of foreclosure protecting defendants' rights as fixed by the indorsement on the note in controversy.

REVERSED.