GUS A. TYLEE, APPELLEE, v. ILLINOIS CENTRAL RAILROAD COMPANY, APPELLANT.

FILED JANUARY 29, 1915. No. 17,959.

1. Master and Servant: RELEASE: CONSIDERATION: PAROL EVIDENCE. An oral promise by an employer to pay an employee his regular salary during a temporary disability may be shown by parol to be a part of the consideration for a release of the employer's liability for personal injuries, though the employee signed a release for the expressed consideration of a specific sum of money.

2. Principal and Agent: CONTRACT BY AGENT: ACCEPTANCE OF BENEFITS. A principal who accepts the benefits of a contract executed in his behalf by an agent is chargeable with the instrumentalities employed by the latter in procuring it.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Helsell & Helsell, William Baird & Sons, Blewett Lee and W. S. Horton,* for appellant.

*W. C. Fraser* and *J. C. Kinsler, contra.*

ROSE, J.

The suit was brought to recover $900 alleged to be due plaintiff for his salary as traveling watchman for defendant from April 8, 1911, to April 8, 1912, at $75 a month. Plaintiff was injured March 6, 1911, in alighting from a

moving passenger train operated by defendant. He pleaded that he settled his claim for resulting damages and signed a release in consideration of $10 paid to him by defendant and of an oral promise by the latter to pay his regular salary, while unable, on account of his injuries, to return to work; that in making the settlement defendant acted through its claim agent; that plaintiff was unable on account of his injuries to resume the duties of his employment before April 8, 1912; that defendant paid him his salary in full for March, 1911, but refused to pay it for any subsequent month. Defendant denied the execution of a release on the terms described in the petition, and alleged that its claim agent had no authority to make the oral promise pleaded by plaintiff. It is admitted that plaintiff was in the employ of defendant, and that his salary for the month of March, 1911, was paid; but it is alleged that he was not thereafter an employee of defendant, and that he is not entitled to any salary as such. From the judgment on a verdict for the full amount of plaintiff's claim, defendant has appealed.

One of the assignments of error challenges testimony of plaintiff on the ground that it varies and modifies the terms of a written instrument. The release signed by plaintiff makes no mention of a promise to pay his salary as a part of the consideration. After reciting the fact of the injury and the denial of liability on the part of the employer, the release reads:

"Now, therefore, in consideration of the sum of ten and 00-100 dollars ($10) to me this day paid by the Illinois Central Railroad Company in behalf of itself and any other companies whose lines are owned or operated by it, I do hereby compromise said claim and do release and forever discharge the said Illinois Central Railroad Company and all companies whose lines are leased or operated by it, their agents and employees from any and all liability for all claims for all injuries, including those that may hereafter develop as well as those now apparent, and also do release and discharge them of all suits, actions, causes of action and claims for injuries and damages, which I have or might

have arising out of the injury above referred to, either to my person or property, and do hereby acknowledge full satisfaction of all such liability and causes of action."

The oral testimony of plaintiff tends to show that the promise to pay his salary during the temporary disability resulting from his injuries was part of the consideration for the release. It is argued that proof of this nature varies and modifies the terms of the written instrument quoted and is consequently inadmissible. What plaintiff signed was an agreement releasing defendant from liability for personal injuries. There is no attempt to vary the terms of the release itself. Plaintiff is not seeking damages for the tort. In effect, the action is one on an oral promise to recover part of the consideration for the release. The rule of law applicable to the present inquiry is that an oral promise by an employer to pay an employee his regular salary during a temporary disability may be shown by parol to be a part of the consideration for a release of the employer's liability for personal injuries, though the employee signed a release for the expressed consideration of a specific sum of money. *Galvin v. Boston Elevated R. Co.*, 180 Mass. 587; *Pennsylvania Co. v. Dolan*, 6 Ind. App. 109, 51 Am. St. Rep. 289; *American Car & Foundry Co. v. Smock*, 48 Ind. App. 359; *Illinois C. R. Co. v. Fairchild*, 48 Ind. App. 300; *Texas C. R. Co. v. Eldredge*, 155 S. W. (Tex. Civ. App.) 1010; *Harrington v. Kansas City C. R. Co.*, 60 Mo. App. 223; *Hobbs v. Brush Electric Light Co.*, 75 Mich. 550. It follows that the oral evidence was properly admitted.

It is further argued that the judgment in favor of plaintiff is erroneous because defendant's claim agent had no authority to make the oral agreement on which it is based. There is positive testimony that the oral promise to pay plaintiff his salary as pleaded was made by the claim agent as a part of the consideration for the release. On this issue the finding of the jury was in favor of plaintiff. To defeat a recovery on the cause of action pleaded in the petition, defendant introduced in evidence the release signed by plaintiff. It therefore invoked the protection of that in-

strument, and thus adopted the instrumentalities employed by its claim agent in procuring it, including the oral promise. On the record presented defendant is bound by the rule that a principal who accepts the benefits of a contract executed in his behalf by an agent is chargeable with the instrumentalities employed by the latter in procuring it. *American Car & Foundry Co. v. Smock*, 48 Ind. App. 359, 371; *Bertha v. Regal Motor Car Co.*, 180 Mich. 51; *Joslin v. Miller*, 14 Neb. 91; *McKeighan v. Hopkins*, 19 Neb. 33; *Rogers v. Empkie Hardware Co.*, 24 Neb. 653; *Esterly Harvesting Machine Co. v. Frolkey*, 34 Neb. 110; *Leavitt v. Sizer*, 35 Neb. 80; *Dresher v. Becker*, 88 Neb. 619; *Doll v. Getzschmann*, 90 Neb. 370.

There being no error in the record, the judgment is

AFFIRMED.

MORRISSEY, C. J., BARNES and SEDGWICK, JJ., not sitting.