NELSE SWANSON, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED MAY 14, 1915.   No. 18035.

Master and Servant: RELEASE: CONSIDERATION: PAROL EVIDENCE. *Tylee v. Illinois C. R. Co.*, 97 Neb. 646, re-examined, and *held* decisive of the case at bar.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Edson Rich, A. G. Ellick* and *B. W. Scandrett,* for appellant.

*Sullivan & Rait, contra.*

FAWCETT, J.

From a judgment of the district court for Douglas county, in favor of plaintiff, in an action for a breach of contract by defendant for life employment of plaintiff, defendant appeals.

In August, 1905, plaintiff, while in the employ of defendant, received an injury which resulted in the loss of a leg between the knee and ankle, which he claimed was the result of defendant's negligence, but which negligence the defendant did not concede. He was taken to a hospital and there treated, as we infer from the record, at defendant's expense. While in the hospital he was visited by his foreman, Henry D. Baldwin, with whom he claims to

have made a settlement, by the terms of which he was to release the defendant from all claim on account of the injury he had received, and was to receive in return therefor $500 in cash and employment for life, or for so long a time as he desired to work, at the same pay that he was receiving at the time of his injury. He received the $500 in cash through defendant's claim agent, S. J. Peterson, and executed a release, releasing the defendant from all liability. He was also given employment by Baldwin, his previous foreman, and continued to work for the defendant at lighter employment than that in which he had been engaged prior to his injury, for a period of about five years, and until after the death of his foreman, Baldwin. Baldwin was succeeded as foreman by his son-in-law, who shortly thereafter discharged plaintiff, and this action resulted.

The brief contains 12 assignments of error, which we shall not consider in detail, but will only refer to such portions as may seem necessary to a full determination of the case. Our labor has been much lightened by our recent consideration and determination of *Tylee v. Illinois C. R. Co.*, 97 Neb. 646. A motion for rehearing was filed in that case about the time the instant case was submitted, and, the cases being so similar, we have held that motion under consideration and have reconsidered the *Tylee* case in the light of the briefs and arguments presented in this case. Our re-examination of the questions has satisfied us that the reasoning and conclusion reached in the *Tylee* case are sound and should be adhered to. We have therefore at the present sitting of court overruled the motion for rehearing in that case. The *Tylee* case, therefore, becomes authority for and is decisive of every important question arising in this case. We shall not restate the points involved and discussed in the *Tylee* case, but will refer to the published opinion therefor.

In the case now under consideration, it appears that Mr. Peterson was the regular claim agent of the defendant, and the evidence satisfies us that he had full power to make a settlement such as is alleged by plaintiff. That he did

not in person negotiate the terms of the settlement, or personally make the agreement upon which plaintiff relies, must be conceded; but the evidence shows that Peterson had on numerous occasions referred to Baldwin the settlement of claims of men working under him. Plaintiff had knowledge of this custom. When, therefore, Baldwin took up the matter of a settlement with plaintiff, plaintiff had a right to assume that he was dealing with one duly authorized to make the agreement. He was warned by Baldwin, or Peterson, or both, not to employ a lawyer, as he could do better by settling with defendant direct, or words to that effect. Plaintiff testified that Baldwin told him the matter had been submitted to the officers of the company and that he expected an answer soon; that he finally called on plaintiff and told him that he had received full authority to make settlement with him; that they were going to give him $500 in money and a life job. He also testified that at the time he signed the release in Peterson's office he told Peterson about his agreement with Baldwin for a life job, and that Peterson answered, "So much the better for you," but told plaintiff that he must sign the release before he could receive the check. Peterson first testified that at the time the release was signed he expressly told plaintiff that no one had any authority to give him a life job, but he subsequently asked to change his testimony upon that point, and his final testimony was: "There was no talk about employment and nothing about a life job."

It would serve no good purpose to set out more of the testimony. Plaintiff's testimony was sufficient, if belived by the jury, to establish the making of the settlement as alleged by him. His testimony is strongly corroborated by one circumstance: Immediately upon his being able to go to work, he was given employment by Baldwin, and remained in the employ of the defendant for about five years, during which period of time, notwithstanding the fact of his crippled condition, he was paid by the defendant the same wages he was receiving at the time of his injury, viz., $3 a day. The period of this last employment

was from early in 1906 until November 1, 1911, during all of which time his age was beyond the limit resting upon Baldwin in the hiring of men working under him, the maximum of which was 45 years. There is no theory upon which to account for the fact that plaintiff, recently crippled to the extent of losing a limb, was retained in the employment of the defendant for so many years at the same wages then being paid for younger men engaged in much more arduous work than he, except that such employment was in accordance with the contract which had been made to give him life employment as a part of the consideration for the release of his claim for damages. The law in relation to contracts of this character and in relation to ratification is clearly set forth in *Tylee v. Illinois C. R. Co.*, *supra*, and need not be restated. We would simply add that there is stronger reason for holding that plaintiff had a right to rely upon the apparent scope of Baldwin's authority than Tylee had to rely upon the authority of the employee with whom he dealt, and the evidence as to ratification is much stronger in this case than in that.

Objection is made to the ruling of the court in the giving of certain instructions, and in refusing certain others requested by defendant. We deem it unnecessary to set them out, as we think those given are in harmony with the facts in this case as applied to the law announced in the *Tylee* case, and those refused are in conflict herewith.

It is further urged that the damages are excessive and appear to have been given under the influence of passion, and prejudice. In this contention we cannot concur. According to defendant's own illustration, as given on page 28 of its brief, the damages are not so excessive as to warrant an appellate court in interfering. It will not do to urge that no allowance was made by the jury for anything that plaintiff might be able to earn at other employment. His testimony is that he made application to other railroads, but was denied employment of any kind, on account of his crippled condition. This same condition would be urged against him by any other corporation or person to whom he might apply for employment at manual labor.

which appears to be the only employment of which he is capable. Moreover, it must be borne in mind that he is utterly incapacitated for the line of work in which he had been engaged during substantially all of the time after he had reached the age of manhood. We find no error in the rulings of the court as to the admission and exclusion of evidence, which could have prejudiced the defendant, when considered in the light of the instructions in relation thereto given by the court.

Finding no prejudicial error in the record, the judgment of the district court is

AFFIRMED.