The plaintiff, defendant in error here, instituted an action of replevin against the defendant for the recovery *Page 1505 
of two abstract of title books and three oak chairs which were alleged to be detained by the defendant. Palatka Abstract and Title Company, who claimed title thereto as purchaser from the Palatka Bank Trust Company as Trustee.
The plaintiff was president of Putnam County Abstract Company, a corporation, and as such president negotiated a sale of certain property owned by it, the title being conveyed to the trust company as trustee until the defendant corporation could be organized by the interested parties who were represented by one Dr. Warren. A bill of sale evidencing the transfer of title was executed by the corporation by its president, the plaintiff, and in this instrument the property was described as follows:
 "All of the Abstract Books of every kind and description; All of the Abstract record slips; All of the Map Books, and Maps of every kind; All of the Index slips; in cabinets or otherwise; All of the files and papers; Two Iron Safes; Four Typewriter machines; All of the office furniture and fixtures of every kind; and all of the Abstract Office supplies except such as may be necessary to complete the Rodman Lumber Lands Abstracts, to be made by first party, intending to sell and deliver the entire office equipment of the Putnam County Abstract Company's business as now used in its office at 115 North 4th., Street, in the City of Palatka, in Putnam County, State of Florida."
It is the contention of the plaintiff that the abstract books and chairs in question belonged to him individually and not to the corporation of which he was president, and in support of that contention he testified in part as follows: *Page 1506 
 "Dr. Warren on several occasions before the actual purchase of the plant asked me what property and books were the property of the Company and each time, I clearly informed him that everything being used, all the safes, books, records, papers, maps and type writers were included, except those two books and my three office chairs. On every occasion both before and after the company went into control and possession of the property sold, I particularly and clearly informed Dr. Warren and Mr. Lisenby that those two books and my office chairs did not form any part of the property of the Putnam County Abstract Company, but were my individual property, and on every occasion I pointed out these books which were large and very heavy and were kept in the vault, and these chairs. My office, law books etc. were in the same building with the abstract company and I kept my individual property in the vault."
On behalf of the defendant, one J. S. Lisenby, the president of Palatka Abstract and Title Guarantee Company, testified to the effect that when he took charge of the books and papers of the defendant corporation, the two books and three chairs in question were in possession of the defendant in a building which was occupied by it with the exception of one room which was occupied by the plaintiff; that the books were a necessary part of the plant and without them the plant was not complete inasmuch as they contain the records of St. Johns County that pertain to grants of land in what is now Putnam County before the creation of Putnam County. Then after introducing in evidence the two said bills of sale, the defendant moved the court to strike the evidence of the plaintiff in regard to the ownership of the two books and three chairs on the ground that it is shown that the executed the bill of sale *Page 1507 
as the president of the Putnam County Abstract Company and is estopped to assert title in himself as an individual. This motion was denied by the court. The jury returned a verdict for the plaintiff, whereupon the defendant made a motion for a new trial, and this motion was also denied by the court.
It is insisted here by the plaintiff in error that in refusing to strike the evidence of ownership of plaintiff, the court violated the rule that parol evidence cannot be received to contradict, vary, add to, or subtract from, the terms of a valid written instrument.
It has been seen that the bill of sale from the plaintiff to the trust company does not purport to convey all property of the kind described that was in the office of the Putnam County Abstract Company at the time of the execution and delivery of the instrument whether it belonged to the vendor or to someone else, but merely conveyed the abstract books, chairs etc. of
the Putnam County Abstract Company then in use. It is apparent that if there were in the office abstract books and chairs that belonged to the defendant in error, though used by the Putnam County Abstract Company, such books and chairs were not intended to be included in the bill of sale because the bill of sale conveys only the abstract books, record slips, chairs etc., of the Putnam County Abstract Company's business.
Where the description in a writing of the subject matter is couched in general terms or is indefinite, parol evidence is admissible to identify the property so as to give effect to the instrument in accordance with the intention of the parties. First Nat. Bank v. First Nat. Bank of Chipley, 90 Fla. 617, 106 So. R. 422; Shomaker v. Waters, 56 Fla. 559, 47 So. R. 936; Davis v. Horne, 54 Fla. 563, 45 So. R. 476, 127 Am. St. Rep. 151; 5 R. C. L. 429; 9 Ency. *Page 1508 
Evidence, 397; 4 Jones Commentaries on Evidence (2nd Ed.) 2835.
The property conveyed by the bill of sale in this case could not be identified from the description contained in the instrument. Therefore, if the abstract books and chairs in question did not belong to the Putnam County Abstract Company, and were not used by it, but were the property of defendant in error, it was proper for him, upon a trial of the right of property to so testify and in doing so he did not violate the rule prohibiting the introduction of evidence that would contradict, vary, add to or subtract from the terms of the written instrument.
Plaintiff in error further contends that the defendant in error is estopped from asserting title to the books and chairs in question, because he, as president of the Putnam County Abstract Company, executed a bill of sale containing covenants of Warranty conveying the property to the Palatka Bank Trust Company.
Since the bill of sale did not particularly describe the books and chairs that were sold and parol evidence was properly received for the purpose of identifying the property in question as not intended to be included in that which was being conveyed and the jury returned a finding in favor of the plaintiff, the principle of estoppel cannot be invoked by the defendant.
Upon considering the evidence in the case, we cannot say that the jury as reasonable men could not have returned the verdict they did. It follows that the judgment must be affirmed and it is so ordered.