STANDARD OIL COMPANY, *Plaintiff in Error*, v. JACK NICKERSON, *Defendant in Error*.

138 So. 55.

Division B.

Opinion filed November 24, 1931.

Petition for rehearing denied January 8, 1932.

702

*Knight, Thompson & Turner,* of Tampa, for Plaintiff in Error;

*C. E. Lemire* and *Fred S. Scott,* of Orlando, for Defendant in Error.

DAVIS, J.—In this case a recovery was had against Standard Oil Company by Jack Nickerson for damages for an alleged breach of a contract of employment. The amount of the verdict was three thousand dollars. Motions for directed verdict and for new trial were denied and defendant took writ of error.

The declaration alleges that Nickerson, being an employee of Standard Oil Company, suffered personal injuries for which he conceived he had a right of recovery against his employer; that the employer in consideration of a release for his damages, promised, undertook and

agreed to continue Nickerson in its employ for and during his lifetime and pay him therefor an amount per week for his services equal to the amount he was earning and receiving at the time of his injuries, namely $15.00 per week, for the remainder of his lifetime, regardless of any disabling effects resulting from said injuries, if the plaintiff would abandon, relinquish and forbear any claim or right he might have against the Standard Oil Company; that Nickerson accepted such promise and undertaking in full satisfaction and settlement of his damages for his personal injuries, and abandoned, relinquished and forbore his claims therefor; that plaintiff continued in the service of the company, and was kept and retained by it for over three years, when, without any reasonably just cause or fault on plaintiff's part, the defendant wrongfully and arbitrarily discharged him, whereby plaintiff lost the fruits of his contract.

There were two pleas,—first, the general issue; and second, that defendant had paid plaintiff for his said injuries and thereby discharged and satisfied plaintiff's claim. This second plea was apparently not responsive to the declaration but was not demurred to or stricken. It has been argued in the brief as being almost the equivalent of the first plea in effect. It is not contended that it was a plea of payment of the claim sued on which was on the contract of employment, nor that it was a plea of release of damages for breach of such contract.

One controlling point of law is relied on for reversal. This point is that no such contract as that sued on was ever made or proved. The plaintiff testified that such an agreement was made with him by one L. G. Rogers, the Standard Oil Company's agent, who settled the personal injury claim and took from plaintiff written releases thereof. Rogers denied the making of any such agreement and the defendant contends that even if he did make

such an agreement in fact, it was unauthorized by the Standard Oil Company and not binding on it in law.

The court submitted the issue to the jury under instructions, many of which were requested by the defendant, and there was a verdict for plaintiff for the full amount sued for.

It is conceded in briefs of plaintiff in error that Rogers was its agent at Orlando to attend to the usual business of the Standard Oil Company there and that he came under the classification of a general agent. It was established beyond question that Rogers was made the mediary through which the company sought a release from Nickerson of his claim for personal injuries and that he did obtain from Nickerson a written release of such claim while Nickerson was still in the hospital. It further appears that the company paid Nickerson's hospital bills and continued him in its employ for a long time afterward,—something more than three years, before he was finally discharged.

In a recent case decided by this Court it was stated by Mr. Justice Terrell in Meyer v. Nator Holding Co., 102 Fla. 689, 136 So. 638, that:

> "The law is settled in this jurisdiction that when one person acts for another who accepts the fruits of his efforts, the latter is deemed to have accepted the methods employed, and he may not, even though innocent, receive such benefits and at the same time disclaim responsibility for the means by which they were acquired. Intertype Corp. v. Pulver, 132 So. 830; Chase v. Sullivan, 99 Fla. 202, 126 So. 359; Love v. Brown Development Co. (Fla.) 131 So. 144; Branford State Bank v. Howell, 88 Fla. 493, 102 So. 649, 21 R. C. L. 932."

See also Aetna Ins. Co. v. Holmes, 59 Fla. 116, 52 So. 801.

In this case it affirmatively appears that Rogers was the agent of the Standard Oil Company for the purpose of securing releases from Jack Nickerson for the injuries he

had sustained; it further appears that Rogers was also the agent who had authority to hire and discharge Nickerson from any employment he had with the company both before and after his injury; there was nothing to show that Nickerson was ever in any way apprised of any limitation on Rogers' authority to act for the company in any respect by doing what he might deem advisable in order to procure the release he was delegated to obtain; and on the faith of the appearance of things and the conduct of the company in procuring and retaining the releases through the agency of Rogers, after which it apparently engaged in carrying out the contract of employment Rogers is alleged to have made orally with Nickerson at the time he signed the first release, it is evident that the case falls within the further rule laid down by this Court in such matters to the effect that under such circumstances the question of agency with regard to the particular matter in issue, is properly submitted to the jury.

Thus it was said in Watkins v. Sims, 81 Fla. 730, 88 So. 764:

"Whatever evidence has a tendency to prove an agency is admissible, even though it be not full and satisfactory, and it is the province of the jury to pass upon it. Direct evidence is not indispensable—indeed, frequently is not available—but instead circumstances may be relied on, such as the relation of the parties to each other and their conduct with reference to the subject-matter of the contract. And, notwithstanding the alleged principal and agent are the only witnesses called, and that they both categorically deny the existence of the relation, the jury have the right to weigh and consider the whole of the evidence and the fair and reasonable inferences that might be drawn therefrom, and they may be entirely justified in disregarding the "yes or no" answers and in reaching the conclusion that the evidence as a whole is sufficient to prove the relation of agency to exist . . . . . It is within the prov-

ince of the court to determine whether, under an ascertained state of facts, an agency did exist; but it is the better practice to submit the question to the triers of fact.''

An agent vested with authority to settle a damage claim on behalf of a corporation which he represents in the capacity of an employing agent as well, with authority to hire and discharge employees for the corporation, may be presumed, where nothing is indicated to the contrary, to possess those powers which are commensurate with his undertaking, and which are usually and properly exercised by other similar agents under like circumstances. This presumption is constantly relied on by persons dealing with such agents, and it seems to be justly required by the law that, if the principal would impose unusual restrictions upon the authority of such an agent, it should make them known to persons who have occasion to deal with such agent on specific matters known to have been committed to the agent's authority to handle. See Dunwoody v. Saunders, 50 Fla. 202, 39 So. 965; East Line & Red River R. R. Co. v. Scott, 72 Texas 70, 13 Am. St. Rep. 758.

So it has been held that the representative of a master who procured a release for the company's benefit while he was in charge of defendant's place of business and had power to hire and discharge men, and who was a general agent, had power to bind his principal in his transaction incident to obtaining the release, including the making of a special contract on behalf of his principal as a consideration for the execution of the release. American Quarries Co. v. Lay, 37 Ind. App. 386, 73 N. E. 608; Carter v. Richart, 64 Ind. App. 255, 114 N. E. 110.

And in L. & N. R. R. Co. v. Cox, 145 Ky. 667, 141 S. W. 389, it was held that where a corporation sent its agent to make a settlement with an injured person who had a claim against the company, that it could not escape

liability for the settlement the agent made, on the ground that the agent exceeded his authority in making the settlement by agreeing to give permanent employment as a consideration for the settlement which such agent accomplished. See Fisher v. John L. Roper Lumber Co., 183 N. C. 485, 111 S. E. 857; Swanson v. Union Pacific R. R. Co., 98 Neb. 373, 152 N. W. 744, to the same effect.

In this case it appears that the Standard Oil Company has accepted the releases which were secured by its agent Rogers. And by accepting them it has obtained the fruits of the exercise of Rogers' agency in procuring such releases, and it can not be heard to complain in this case, after an adverse finding by the trial court and jury, that as a matter of law it should not be held liable on the basis of what has been alleged and proved regarding the agent's admitted authority and his conduct in the transaction in which the releases were obtained. See American Telephone and Telegraph Co. vs. Green, 164 Ind. 349, 73 N. E. 707.

The other errors assigned do not merit any detailed discussion in this opinion. They have been carefully considered and it has not been made to appear that the judgment should be reversed therefor, even if technical violations of rules of procedure had occurred, which is not established. No abuse of the Court's authority to require answers to interrogatories by defendant has been demonstrated.

The evidence is conflicting and, we may admit, is far from satisfactory to convince this Court of its absolute credibility if we were called upon and authorized to determine the case on a question of fact in lieu of the jury.

But we have no authority to set aside a verdict which has been rendered by a jury and approved by the trial judge, solely on the ground that we would have found a different verdict had we been acting as jurors.

The rule in such matters has been long established to

the effect that where the evidence on essential points involved in the issues being tried is conflicting, and it does not clearly appear that the verdict is so manifestly against the weight of the evidence as to convince the appellate court that the verdict is wrong or unjust, or that the jury was influenced by considerations outside the evidence, that the Court will not reverse the judgment solely on the evidence, no harmful error of practice or procedure otherwise appearing. Palatka Abstract & Title Co. v. Haskell, 100 Fla. 1504, 131 So. 394.

In this case the trial judge seems to have been more than fair in according to the defendant the benefit of every favorable charge that was requested by defendant, even to the extent of repetition of some of the favorable points involved, and we cannot say that under the narrow issues made and tried, any reversible error has been committed, so the judgment must be affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.

Brown, J., dissents.