STANLEY MILLEDGE, Associate Judge.
Pearl Millman brought an action at law against Leo Greenfield, on the latter’s contract of guaranty originally executed to ap-pellee and her husband, since deceased. The defendant pleaded both the want and failure of consideration. A jury was 'waived and the court found that the evidence did not support the defenses. There was no controversy over the plaintiff’s loss. Judgment of $24,429.69, together with interest and costs, was entered for plaintiff and this appeal followed.
The defendant, a practicing lawyer, represented Samuel Lew, who was the vendee under a contract to buy the Lynmar Hotel from Lynmar Hotel, Inc., subject to two existing mortgages. A purchase money mortgage was executed to secure notes of $5,256.22 and $21,024.87, representing the proportionate stock interest in the vendor corporation held by the Millmans and by Murray Weiner. At the first phase of closing the transaction, the Millmans, but not Weiner, agreed orally to some sort of subordination arrangement to permit refinancing 'the first and second mortgages, which had uncomfortably early maturity dates.
At the second phase of the closing, Mr. Greenfield presented a subordination agreement prepared by him, to which Mr. Mill-man objected as being something other than his oral agreement to subordinate, and which he refused to sign. Greenfield insisted that he had to have the agreement. Mill-man told Greenfield that he would sign the subordination agreement if Greenfield would personally guarantee the payment. Greenfield then dictated to Mrs. Millman the guaranty agreement sued on. She typed it. Greenfield and the Millmans then executed and delivered both instruments.[1]
 The Millmans were never called on to subordinate this mortgage to new mortgages given to refinance the existing first and second mortgages and no subordination was ever actually made. In his brief, Greenfield contends: (1) the guaranty agreement is without consideration because by it the Millmans promised to do *482 something to which they were already bound by prior contract; (2) that the instrument was only a conditional offer to guarantee which never went into effect because the events upon which the promise was conditioned never occurred; and (3) that because these events never transpired there was an absence of consideration.
The trial court obviously found from the evidence, as it was warranted in doing, •that.the agreement to subordinate committed the Millmans to things which they had not previously promised to do. His original promise required that the third mortgage be reduced to $15,000; that the first and second mortgages be consolidated; and the original agreement was silent as to increase in interest rates. The instrument signed by the Millmans required only the payment of Weiner’s note, contained no requirement of consolidation and permitted a very substantial increase in the interest rates on the refinancing mortgages. Restatement of Contracts, § 84, puts the applicable rule of law this way:
“Consideration is not insufficient because of the fact
<f(a) * * *
“(b) * * *
“(c) That the party giving the consideration is then bound by a duty owed to the promissor or to the public, or by any duty imposed by the law of torts or crimes, to render some performance similar to that given or promised if the act or forbearance given or promised as consideration differs in anyway from what was previously due.”
To the same effect is 1 Corbin, Contracts, § 192, and 1 Williston, Contracts, § 131-B. Professor Williston observes that the difference between the two promises, “however trifling, is enough to make new performance detrimental or the new promise a promise of something detrimental.” The differences here between the original promise and the promise in the agreement to subordinate are far from trifling. Assuming that the Millmans were bound by their previous oral agreement, in view of the differences between the two promises there is good consideration for the second promise.
The second point is one of construction. Was Greenfield’s promise conditional? There is no need to invoke the principle that an ambiguous instrument is construed against the draftsman. Greenfield’s promise to indemnify, is in consideration of the Millmans’ promise to subordinate. His promise is not conditioned upon actual subordination. Such a condition cannot be implied from the circumstances. The Mill-mans were bound to subordinate if called on. As Professor Williston, in his work on Contracts, Vol. 3, § 666, observes:
“Generally in contracts, when reference is made to conditions, what is meant are conditions which became operative after formation of the contract and qualify the duty of immediate performance of a promise or promises thereunder — not conditions which qualify the existence of a contract or promise. * * * A condition may qualify the duty of immediate performance of one party or both parties to the contract. The fact that no duty of performance on either side can arise until the happening of a condition does not, however, make the validity of the contract depend on its happening. Whether there is a contract depends upon the right of the respective parties to enforce it in spite of an attempt by the other to revoke his promise.”
The facts that the Weiner note was not paid by Lew and that the third mortgage debt was not reduced by payment of $86,-000 by Lew, are not significant as bearing on the quality of either the promise to subordinate or of Greenfield’s promise to indemnify.
*483 The appellant urges that the agreement to subordinate is without consideration because by it the vendee, Lew, got nothing more than he had already, and since the subordination agreement is the consideration for the guaranty the latter is without consideration. This contention is not supported by the facts. By virtue of the Millmans’ agreement to subordinate Lew was in a position to satisfy the existing first and second mortgages, to encumber the land with new first and second mortgages at rates of interest higher than that of the existing mortgages, and keep the purchase money mortgage of the Millmans subordinate to such refinancing mortgages. Such a result could not be achieved without the consent of the Millmans expressed in some form.
We conclude that the judgment appealed from is correct and it is hereby affirmed.
Affirmed;
PEARSON, J., concurs.
CARROLL, CHAS., C. J., dissents.

. The agreement to subordinate, dated October 28, 1952, requires the Millmans at any time prior to the maturity of their note, upon payment of $6,024.87 upon the debt, together with interest on the whole note due at such time, and upon proof that the note to Murray Weiner had been paid, to subordinate this mortgage to refinancing first and second mortgages or either, or to subordinate to extensions of existing mortgages, the interest on the refinancing to be as high as 6% on the first mortgage and 8% on the second. The existing mortgages have interest at 4y¡¡% and 5% respectively.