PER CURIAM.
This appeal is from a final judgment entered upon a jury verdict awarding ap-pellee damages arising out of a motor vehicle collision. A careful review of the trial proceedings reveals that the testimony adduced by the parties on the issue of liability was in sharp conflict.
The sole questions presented for our consideration on appeal go to the sufficiency of the evidence to support the verdict and judgment. The judgment reaches this Court with a presumption of correctness, and the burden rests upon appellants to demonstrate reversible error. If we accept appellants’ version of the facts and the permissible inferences which they deduce therefrom, we would readily agree that the verdict is contrary to the manifest weight of the evidence and should be vacated. However, if we accept appellee’s version of the facts, together with permissible inferences which he draws therefrom, we find in the record sufficient competent and substantial evidence to support the verdict rendered in his favor by the jury. The duty of initially weighing the evidence and passing upon the credibility of the witnesses is for the trial jury, whose duty further extends to reconciling conflicts in the evidence and arriving at a verdict based upon that evidence which it deems to be most credible. That such duties were properly performed by the jury in this case is attested by the recitations contained in the order of the trial judge denying appellants’ motion for a new trial.
Appellants having failed to clearly •demonstrate harmful error, the judgment appealed is affirmed. Commercial Credit Corporation v. Varn, (Fla.App.1959) 108 So.2d 638; Clark v. Ocala Gas Company, Inc., (Fla.App.1960) 123 So.2d 391; Standard Oil Co. v. Nickerson, 103 Fla. 701, 138 So. 55.
STURGIS, C. J., and WIGGINTON and CARROLL, DONALD K., JJ., concur.