238 So.2d 321 (1970)
AMERVEN, INC., a Florida Corporation, Appellant,
v.
Juan A. ABBADIE, Doing Business As Sesko International Co., and Chester, Blackburn & Roder, Inc., a Florida Corporation, Jointly and Severally, Appellees.
No. 69-907.
District Court of Appeal of Florida, Third District.
August 11, 1970.
Charles R. Tripp, Miami, for appellant.
Smathers & Thompson, and William C. Lewis, Jr., Miami, for appellees.
*322 Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
The appellant was plaintiff below, and filed its complaint alleging that the appellees were jointly and severally liable in contract and tort because they either: (a) breached their individual contracts with the appellant; (b) jointly breached their contracts with the appellant; or (c) were jointly and severally negligent so as to proximately cause the appellant to lose the sale of an automobile because either or both appellees caused the automobile not to be delivered as scheduled to the Netherland Antilles. The appellant had sold an automobile to a customer on the condition that the automobile would be delivered to the Netherland Antilles no later than July 31, 1968. Appellee Sesco International Co. orally agreed to arrange transport for the car to arrive in Curacao no later than July 31; Sesco International thereupon delivered the auto to appellee Chester, Blackburn and Roder, Inc., a registered ship broker, who contracted to be responsible for having the automobile brought aboard a vessel owned by Atlantic Lines Ltd. The vessel sailed from Miami on July 22 and arrived in Curacao without the automobile. The car had been left at dockside in Miami and the customer cancelled his purchase order.
The appellee, Chester, Blackburn and Roder, Inc., filed its motion to dismiss which was granted. The appellant has appealed the final judgment entered upon the motion to dismiss. Chester, Blackburn & Roder, Inc. contends that because of its status as the agent of a disclosed principal, namely, Atlantic Lines Ltd., no cause of action can lie against it, but rather may only be brought against the principal.
We cannot accept the above position. The final judgment entered in favor of Chester, Blackburn and Roder, Inc., was error. The general rule is that, unless the evidence is susceptible to but one interpretation (which is not the situation at bar) the question of whether an agency relationship exists is for the jury to determine. Standard Oil Company v. Nickerson, 103 Fla. 701, 138 So. 55 (1931); Financial Fire & Casualty Co. v. Southmost Vegetable Cooperative Association, Fla.App. 1968, 212 So.2d 69. The final judgment being appealed precluded a jury, or the finder of fact, from determining whether Chester, Blackburn and Roder, Inc. was such an agent as to be shielded from liability due to any negligence in the carrying out of its proper duties for the disclosed principal.
Moreover, in the case of Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir.1968), the court summarized Florida's common law relating to liability in certan agency situations, and concluded that the agent for a disclosed principal may be individually liable for tort. The specific tort charged in Bobby Jones Garden Apartments, Inc., supra, was fraud and misrepresentation; however, that distinction alone should not prevent the principles of that case from operating on the instant facts. The scope of Chester, Blackburn and Roder's duties involved delivering the auto on board the carrier vessel; if that delivery was never effected, then a cause of action may lie against this party.
Therefore, for the reasons stated above, the final judgment being appealed is hereby reversed.
Reversed.