SPECTOR, Chief Judge.
Plaintiff seeks reversal of an adverse judgment entered after a nonjury trial in its action to recover sums allegedly due as a result of false credit card sales made by a service station owned by defendant-appellee.
The facts revealed by the record show that appellee gave his written power of attorney to one Rawlins, his brother-in-law authorizing the latter to lease and operate, on behalf of appellee, a gasoline service station owned by appellant. The power of attorney authorized Rawlins to do any and all things necessary relating to the operation of the service station and authorized him “to do all lawful acts” for defendant-appellee as fully as the latter *560 might do for himself. The written instrument also contained a clause stating:
“I [Royster] further undertake from time to time, and at all times to ratify whatsoever my attorney shall lawfully do or cause to be done in or concerning the premises by virtue of these presents.” (Emphasis added)
Pursuant to the power thus granted, Rawlins entered into the leasing of the station from appellant and embarked upon the operation of it. In operating Roys-ter’s station, Rawlins reported credit card sales to Phillips for which the latter paid or credited to Royster’s station. Sixteen of the credit card transactions were forged or fraudulent, totaling $3,267.26. Upon discovering the false credit card sales appellant made “credit card charge back” entries on the accounting between it and appellee’s station which resulted in a balance of $2,667.85 due appellant after other valid charges and credits were accounted for.
Appellee accepted the accounting but denied liability for the “credit card charge back” items and in his counterclaim to appellant’s suit for the $2,667.85 asserted an indebtedness due him from appellant in the amount of $599.41. In rejecting appellant’s claim, the trial court ruled in favor of appellee and granted him judgment under this counterclaim.
The sole question presented by this appeal is whether appellee Royster was liable for the false credit card sales or charges submitted by Rawlins to appellant while Raw-lins was operating Royster’s station under the power of attorney from Royster.
Appellant contends that Royster is liable for the acts of his agent, Rawlins, which, though wrongful, were nonetheless within the scope of Rawlins’ apparent scope of authority under the power of attorney. On the other hand, appellee contends he is not liable because the instrument whereunder Rawlins derived his authority expressly conferred upon him authority to perform only lawful acts relating to the station operation. Hence, appellee contends that since the credit card charge backs arose out of unlawful acts; to wit, the forgeries or fraudulent credits committed by Raw-lins, those acts were beyond the scope of his authority and he, Royster, should not be held liable for claims arising therefrom.
Our consideration of the briefs and arguments compels the conclusion that appel-lee is liable for the acts of his agent, Rawlins, which were committed in connection with the apparent scope of said agent’s authority under the power of attorney relating to the operation of the service station. This is so notwithstanding that the acts committed by the said agent might in and of themselves be punishable as crimes. That the power of attorney empowered Rawlins to perform “lawful acts” and that appellee engaged to ratify all “lawful acts” performed by his agent in his behalf does not serve to absolve appellee from claims of third parties arising from acts of the agent which were within the apparent scope of his authority. Obviously, appellee did not expressly empower his agent to forge and submit fraudulent credit card sales, but the question before us is whether appellee’s agent was acting' within the apparent, not actual, scope of authority.
The Supreme Court’s decision in Industrial Insurance Company of New Jersey v. First National Bank of Miami, 57 So.2d 23 (1952), is decisive of the question involved in the case sub judice. In that case the court considered a claim arising out of irregular practices by the insurance company’s agent, who falsely and fraudulently submitted insurance policy premium payment contracts to be financed by the bank which included policies which had never been issued together with other irregularities. Holding the insurance company liable for the fraudulent acts of its agent, the court cited with approval Section 261 *561 from Restatement of the Law of Agency at page 26 the following:
“[4] In the Restatement of the Law of Agency, we find, Sec. 261, that ‘A principal who puts an agent in a position that enables the agent, while apparently acting within his authority, to commit a fraud upon third persons is subject to liability to such third persons for the fraud.’ In the following section of the same work appears the statement that ‘A person who otherwise would be liable to another for the misrepresentations of one apparently acting for him, under the rule stated in Sec. 261, is not relieved from liability by the fact that the apparent agent acts entirely for his own purposes, unless the other has notice of this.’ ”
In the same case, the court also cited as authority for its affirmance the earlier decision in Aetna Insurance Company v. Holmes, 59 Fla. 116, 52 So. 801, 802, wherein it held:
“ ‘The acts of an agent, performed within the scope of his real or apparent authority, are binding upon his principal’ and further that ‘The public have a right to rely upon an agent’s apparent authority, and are not bound to inquire as to his special power, unless the circumstances are such, as to put them upon inquiry.’ ”
It is, of course, unfortunate that appellee must suffer loss which resulted not from his acts but from those of one whom he entrusted with the authority to operate the service station. While appellee is guilty of no wrongdoing, appellant is equally without fault. So it is that the foregoing authorities upon which we rely in reversing this cause are, as applied to the facts of this case, but manifestations of the well known principle that where one of two innocent parties must suffer a loss, that loss must be borne by the one whose acts enabled the loss to occur.
The judgment in favor of appellee on his counterclaim is reversed inasmuch as it rested on the assumption that appellee was not liable for the credit card charge backs, and this cause is remanded with directions that a judgment be entered for appellant on its claim.
WIGGINTON and RAWLS, JJ., concur.