408 So.2d 591 (1981)
George C. SCOTT, Appellant,
v.
SUN BANK OF VOLUSIA COUNTY, Formerly Known As Exchange Bank at Holly Hill, a Florida Corporation, Appellee.
No. 80-1230.
District Court of Appeal of Florida, Fifth District.
December 2, 1981.
Rehearing Denied January 12, 1982.
*592 Theodore F. Zentner of Becks, Becks & Wickersham, Daytona Beach, for appellant.
Harold C. Hubka of Black, Crotty, Sims & Hubka, Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant George C. Scott appeals from an order dismissing with prejudice his third amended complaint.
SP&W, Inc. performed engineering services for D & B Cattle Company and as payment accepted a promissory note in the amount of $191,747 which was secured by a mortgage on D & B's land. SP&W assigned the mortgage to appellee, Sun Bank, as collateral for a loan.
Appellant, a stockholder in SP&W, sold his stock for redemption to SP&W. SP&W gave appellant a note for $90,771 and secured it by assigning its remaining interest in the D & B mortgage. Because of the prior assignment to Sun Bank, the assignment could not go into effect until SP&W had fully repaid Sun Bank. SP&W by letter informed Sun Bank of the subsequent assignment and requested that the bank release the mortgage to appellant when the loan was fully repaid. Sun Bank, through its president, accepted the assignment, responding:
The undersigned bank, consents and agrees to assign the mortgage and note described herein to George C. Scott, once said bank has been paid in full for the debt which it holds said assignment of mortgage for.
On March 3, 1975, SP&W discharged its debt to Sun Bank. However, the bank failed to assign the mortgage to appellant as agreed. SP&W continued to collect all payments on the mortgage until August 17, 1978, when the D & B mortgage was satisfied. Appellant alleged that SP&W was in default to him on March 3, 1975, and further *593 defaulted by failing to make any subsequent payments.
Appellant sued in four counts: 1) breach of a third party beneficiary contract, 2) breach of contract of novation; 3) negligence, and 4) promissory estoppel. Counts I and II which both alleged a contractually based cause of action arising from SP&W's letter to Sun Bank were dismissed with prejudice on the ground that consideration was lacking. Appellant contends that SP&W's agreement to release the bank from its obligation of re-assigning the note and mortgage to SP&W was sufficient to bind the bank. In Greenfield v. Millman, 111 So.2d 480 (Fla. 3d DCA 1959), the court quoted the applicable rule from Restatement (First), Contracts § 84:
Consideration is not insufficient because of the fact
* * * * * *
(c) That the party giving the consideration is then bound by a duty owed to the promisor or to the public, or by any duty imposed by the law of torts or crimes, to render some performance similar to that given or promised if the act or forebearance given or promised as consideration differs in anyway from what was previously due.
111 So.2d at 482.
The court also noted Professor Williston's pronouncement that the difference between two promises, "however trifling, is enough to make new performance detrimental or the new promise a promise of something detrimental." Id. Here SP&W's relinquishment of its right to receive the mortgage from Sun Bank when the bank no longer needed it as collateral, constituted consideration for Sun Bank's promise to deliver the mortgage to appellant (something it was not previously obligated to do). The fact that Sun Bank explicitly assented to the relinquishment and its new obligation to deliver the mortgage to appellant satisfies the requirement that the consideration be bargained for. See 17 Am.Jur.2d Contracts § 92.[1]
Since consideration existed for Sun Bank's promise, the trial court erred in dismissing counts I and II of appellant's third amended complaint.
Counts III and IV of appellant's third amended complaint were dismissed by the trial court apparently because of appellant's failure to allege facts establishing a duty owed to him by Sun Bank.
Appellant alleged in count III that Sun Bank, by its letter, agreed to act as agent for SP&W, Inc. and in so doing incurred a legal duty to appellant to use reasonable care in the performance of its duties. Count IV alleged that Sun Bank incurred a duty toward appellant by its promise and that appellant, in reliance on this promise, refrained from protecting his interests to the extent that he otherwise would have.
An agent is liable to third persons for damages resulting from a violation of a duty which the agent owes to the third person, and it does not matter whether that violation is one of malfeasance, misfeasance, or nonfeasance. 2 Fla.Jur.2d Agency & Employment § 83. See, e.g., Adkins v. Chicago, Rock Island & Pacific Railroad Co., 2 Ill. App.3d 906, 274 N.E.2d 507 (1971). The existence of an agency relationship, however, is ordinarily a question to be determined by the jury in accordance with the evidence adduced at trial. Amerven, Inc. v. Abbadie, 238 So.2d 321 (Fla. 3d DCA 1970); Financial Fire & Cas. Co. v. Southmost Veg. Coop Ass'n., 212 So.2d 69 (Fla. 3d DCA 1968). Therefore, the trial court's action in dismissing counts III and IV of appellant's third amended complaint was error.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] This section provides that:

Nothing is consideration for a contract that is not accepted or regarded as such by both parties. The mere presence of some incident to a contract which might under certain circumstances be upheld as a consideration for a promise does not necessarily make it the consideration for the promise in that contract; to give it that effect, it must have been offered by one party and accepted by the other as an element of the contract. (emphasis added)