# COURTS OF APPEALS,

## STATE OF KANSAS.

L. H. WESTERMAN *et al.* v. SHARON EVANS, *a minor,
by his next friend, S. D. Evans.*

1. SPECIAL FINDINGS—*Evidence—Review.* Where an action has
been tried by a court without the intervention of a jury, and the
court makes special findings, and such findings are supported by
a preponderance of the testimony, a reviewing court will not order
that the findings be set aside, nor that a new trial be granted.

2. PRINCIPAL AND AGENT—*Knowledge of Agent.* Whatever the
agent knows concerning a matter connected with his agency, his
principal is bound to know. And knowledge of an agent, ac-
quired previous to the agency, but actually present while acting
for his principal in a particular matter or transaction, will be
deemed notice to the principal.

MEMORANDUM.—Error from Ellis district court; W.
G. EASTLAND, judge. Action by Sharon Evans, a
minor, by S. D. Evans, his next friend, against L.
H. Westerman and wife to disaffirm a certain contract
for a purchase of real estate. Judgment for plaintiff.
Defendants bring the case here. Affirmed. The facts
are sufficiently stated in the opinion, filed September
18, 1895.

*C. J. Evans,* for plaintiff in error.

*J. W. Brooks,* for defendant in error.

1—APP.

The opinion of the court was delivered by

GILKESON, P. J.: This was an action brought in the district court of Ellsworth county by Sharon Evans, a minor, by S. D. Evans, his next friend, against L. H. Westerman and Frances Westerman, in which said Evans sought to disaffirm a certain contract for the purchase of real estate on the ground of minority, and to recover from the vendors the amount which had been paid to them on account of said contract. The case was tried before the court without a jury. The court made special findings of fact and conclusions of law, and rendered judgment thereon for the plaintiff Evans for the sum of $333.86. Defendants moved for judgment upon the special findings, and the motion being overruled, they thereupon filed a motion for a new trial for various reasons. Their petition in error contains numerous assignments of error, all of which they have abandoned, and only urge in this court the sole error "that the judgment of the court is not sustained by sufficient evidence."

The facts in the case in brief are that Westerman was the owner of certain real estate in the city of Ellsworth, Ellsworth county, Kansas; that he "listed," (as they call it,) or placed in the hands of Cathcart & Hutchins, as his agents, this land for sale; that these agents made the contract which is complained of in this action, which was that Westerman and his wife should, upon the payment of a certain sum of money, viz., $350, deed to Evans this land, and in pursuance of that contract executed their bond. Evans paid upon the execution of said bond in cash $116, and executed his two notes for $116 each. He afterward paid the first note and interest in full, and $95 on the second note, making in all $333.96.

It is undisputed that, at the time of the execution of this contract, the plaintiff, Evans, was a minor, of the age of 18 years, and that he disaffirmed the contract before he reached the age of majority. The defendant Westerman contends that, on account of the representations made by the minor as to his minority, and from his having been engaged in business as an adult, he had good reason to believe that the said Evans was capable of contracting. The court made findings of fact upon every issue in the case, and they are very full and complete, and these findings are supported by a preponderance of the testimony. The rule so well established by the decisions of the supreme court of this state, "Where an action has been tried by a court without the intervention of a jury, and the court makes special findings, and such findings seem to be sustained by a preponderance, though not by all the evidence, a reviewing court will not order that the findings be set aside, nor that a new trial be granted." ( *Carson v. Kerr*, 7 Kas. 268; *Brewster v. Hall*, 12 id. 161.)

This might dispose of this case, but as the plaintiff in error has argued at some length in his brief the sufficiency of certain evidence, viz., whether the knowledge of Cathcart, one of the members of the firm, who were the agents of Westerman, as to the minority of Evans was sufficient to constitute notice to and bind the principal? This we will have to answer in the affirmative. It is conclusively proven in this action that the whole transaction between Evans and Westerman was, on the part of Westerman, carried on and consummated by Cathcart & Hutchins, partners, as his agents; that Cathcart knew during all the time it was pending that Evans was a minor; had known it for a long time previous to any of these

negotiations; had known Evans two or three years previous; knew he was going to school with his children; that Evans's minority was thought of by them at the time the bond was drawn; and he assigns as a reason for taking the bond at the time, the fact that it would not be due for a year or two, and Evans would be of age by the time, if not before, it matured. Hutchins, the other partner, testified that when he went to Evans for the purpose of closing the contract, Evans told him that he wished to consult with his mother; that he took him to his mother's house for the purpose of consultation; that he had known Evans a year or two before the contract was drawn; he was not positive whether there was anything said during the pendency of this transaction as to his age; he knew he was not doing business for himself, and believed him to be a minor at the time.

"Where a transaction is carried on and consummated by one person acting as the agent for another person, whatever comes to the knowledge of the agent pending the transaction must be presumed to come to the knowledge of the principal." (*Ayers v. Probasco*, 14 Kas. 175.)

"And knowledge of an agent acquired previous to the agency, but actually present while acting for his principal in a particular transaction or matter, will be deemed notice to the principal." (*Savings Bank v. Hollenback*, 13 N. W. Rep. [Minn.] 145.)

"Whatever the agent knows concerning a matter connected with his agency, his principal is bound to know." (*Jarvis v. Campbell*, 23 Kas. 370.)

The case of *Nicklisson v. Holman*, 17 Kas. 22, was an action to set aside a certain sale and conveyance of real estate made by Mrs. Holman through her agents, C. Holman and J. R. Hibbard, to Nicklisson. It was claimed that false statements were made in reference

to the sale, but not, however, made directly to Mrs. Holman, but were made to her agent, and that such statements were not communicated to her.    The court said :

"The alleged false and fraudulent statements were however not made directly to Mrs. Holman, but were made to her agents, and it is now claimed that such statements were never communicated to her. Whether this is true or not, as a fact, it is not true in law.    In law, whatever comes to the knowledge of an agent, comes to the knowledge of his principal ; and whatever is done by an agent, within the scope of his agency, is done by his principal.    The agent, with reference to third parties, and within the scope of his agency, is to all intents and purposes the principal."

And it is further proven in this action that Westerman accepted the cash and notes paid and given by Evans, paid Cathcart and Hutchins their commissions for making the sale, and thereby ratified their action.

"One who voluntarily accepts the proceeds of an act done by one assuming, though without authority, to be his agent, ratifies the act, and takes it as his own with all its burdens, as well as its benefits." ( *Waterson v. Rogers*, 21 Kas. 529.)

We think the evidence is sufficient to charge Westerman with notice.    But, as we have said, the trial court made special findings upon the facts in this case, and these findings are supported by a preponderance of the testimony, and, were the testimony weaker than it is, we would not feel authorized to reverse the judgment, or grant a new trial.

The judgment in this case will be affirmed.

All the Judges concurring.