No. 20,042.

H. L. HUMPHREY, as Trustee, etc., *Appellee*, v. THE WYANDT MORTGAGE & INVESTMENT COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. BANKRUPTCY—*Voidable Preference—Knowledge of Agent*. Rule followed that a principal is bound by knowledge of his agent clear in his mind though previously obtained, it being proper to use such knowledge for the principal.

2. SAME. The principal having certain means of knowledge it was not material whether or not the agent had the same means.

3. TRIAL—*Verdict—Conflicting Evidence*. Verdicts based on sufficient conflicting evidence, under the trite and venerable rule must stand.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed June 10, 1916. Affirmed.

*C. S. Crawford,* of Abilene, for the appellant.

*G. W. Hurd, Arthur C. Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellee.

The opinion of the court was delivered by

WEST, J.: The trial court decided that the defendant received $175 from one who the following month was adjudged a bankrupt and must account for it on the ground that it knew or had reason to believe that the payor was insolvent at the time or that the payment would constitute a preference in favor of the defendant.

The brief presents the point that the evidence was insufficient to sustain the decision. It is argued, however, that the testimony of one witness was wrongfully received on behalf of the plaintiff because it told of knowledge on his part as plaintiff's agent, obtained prior to the time he became agent, touching mortgages filed for record by the debtor, which knowledge was received by means of daily reports issued by an abstractor. It is contended that the defendant could be chargeable only with knowledge of the agent acquired while such agency existed and not previously. If, however, the previously acquired knowledge was clearly in the agent's mind at the time of the transaction the principal is bound thereby. (*Hess v. Conway,* 92 Kan. 787, 142 Pac. 253; *Underwood v. Fosha,* 96 Kan. 240, 244, 150 Pac. 571.)

Having received the daily reports which seem to have shown various mortgages by the debtor the witness, a bank cashier, while acting as agent for the defendant may be presumed to have had in mind the condition shown by such reports. He testified to considerable first-hand knowledge obtained otherwise while holding the note for collection. At any rate the defendant itself received these daily reports and it makes no material difference whether or not its temporary agent had the same knowledge presumably possessed by his principal.

This leaves the case in the very usual attitude of being a fact case determined by the trial court upon sufficient though conflicting evidence. Such determination is final.

The judgment is therefore affirmed.