WILLIAM H. WHEELER, *Appellant,* vs. NORMA L. SULLIVAN and ROBERT J. SULLIVAN, her husband, *Appellees.*
142 So. 817.
Division B.
Opinion filed July 8, 1932.

*Shutts & Bowen* and *A. M. Woore,* for Appellant;
*Hudson & Cason,* for Appellees.

TERRELL, J.—This is the second appearance of this case here, the facts out of which it arose being succinctly stated in Wheeler vs. Sullivan et al. 90 Fla. 711, 106 So. 876. The former appeal was from an order overruling a demurrer to the bill of complaint which sought to cover a binder payment made on the lot involved in the transaction out of which this litigation grew. Wheeler, the appellant, grounds his right to recover the binder payment on the fact that the abstract showed restrictions in the title of such a nature as to justify him in declining to accept it. We held the bill good as against the demurrer.

The instant appeal is from a final decree on the merits denying the relief prayed for and finding that one, Max Zapf, was the original contract vender, that he, Zapf was the authorized agent of Wheeler in the purchase of the lot, that Zapf knew of the restrictions in the title at the time of the purchase, and that he was to take title subject to such restrictions, that the defendants, appellees, dealt exclusively with Zapf without knowledge that he was representing Wheeler, the appellant, and that defendants were

ready, able, and willing to convey the lot by warranty deed to Wheeler subject to the restrictions set out in the bill of complaint.

The controlling question needful for our solution is whether or not Zapf's knowledge of the restrictions in the title was imputed to Wheeler, his principal.

The record discloses, that while Zapf took the contract of purchase in his own name, he was representing and was acting for Wheeler, that he forthwith assigned his contract to Wheeler and that he did not disclose to the defendants, nor did they know that he was acting as agent for any one. Zapf knew when he secured the contract that the title was restricted and that deed was to be executed subject to the restrictions, He testified that he conveyed this knowledge to Wheeler but assuming that he did not, it was his duty to do so, he was acting within the scope of his authority as Wheeler's agent and under the facts of this case the knowledge of the agent must be imputed to his principal. It had to do with the business entrusted to him, it was present in his mind at the time of the purchase, and was in reference to the matter over which his authority extended. Union Bank of Florida vs. Call 5 Fla. 409; Volusia County Bank vs. Bigelow, 45 Fla. 638, 33 So. 704; The Distilled Spirits 11 Wall. 356, 20 L. Ed. 167; Humphrey vs. Wyandt Mort. & Inv. Co. 98 Kan. 266, 158 Pac. 42; Westerman vs. Evans 1 Kan. App. 1, 41 Pac. 675; Thimsen vs. Reigard, 95 Ore. 45, 186 Pac. 559; Wilson vs. Minnesota Farmers' Mut. Fire Ins. Ass'n, 36 Minn. 112, 30 N. W. 401; Morgan vs. Michigan Air Line R. Co. 57 Mich. 430, 25 N. W. 161; 26 N. W., 865; Schwind vs. Boyce 94 Md. 510, 51 Atl. 45; Bendslev vs. Lovell, 235 Mass. 133, 126 N. E. 389; United States vs. Cooksey, 275 Fed. 670; Mechem on Agency, Vol. 2 (2nd Ed.) Sections 1808 and 1809; 21 R. C. L. 841, 842.

The agreement sued on carries no specifications as to the character of title to be conveyed. In such a situation a good

and marketable title is generally inferred, Wheeler vs. Sullivan, supra. If the vender had covenanted to convey a good title he could have been required to do so but when he merely agrees to sell and convey subject to restrictions made known to the agent of an undisclosed principal of which the vendor knew nothing, the vendor dealing exclusively with the agent, and the agent being fully advised of the restrictions which were such as are commonly imposed for the protection of the property, it was the duty of the agent to make a full disclosure to his principal, but if he failed to do so the principal cannot complain. So far as the rights of the vendor are concerned.

Other assignments raise questions of adjective or procedural law which have been examined but we fail to find that any reversible error was committed.

The decree below is consequently affirmed.

Affirmed.

WHITFIELD, P.J. AND DAVIS, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.