## FLETCHER v. OZARK PACKING CO.
### No. 14241.

United States Court of Appeals
Eighth Circuit.

May 8, 1951.

Lem Bryan, Fort Smith, Ark., Jay W. Dickey, Pine Bluff, Ark., and Scott Toothaker, McAllen, Tex., were on the brief for appellant.

Harry P. Daily, John P. Woods, and J. S. Daily, Fort Smith, Ark., were on the brief for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought within the jurisdiction of the District Court for the Western District of Arkansas by statutory appeal taken from a final order entered in reparation proceedings had in the Department of Agriculture before the Secretary of Agriculture under the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C.A. § 499a et seq. The statute provides for trial de novo on such an appeal in the District court, 7 U.S.C.A. § 499g(c), so that the action as tried in the District court with a jury was an action by D. J. Fletcher, a produce merchant of La Pryor, Texas, engaged in handling and shipping fresh vegetables, as plaintiff, against Ozark Packing Company of Ozark,

Arkansas, as defendant, to recover the agreed purchase price of shipments in interstate commerce from plaintiff to defendant of three carloads of fresh spinach. The cars were loaded at La Pryor, Texas, on January 21, and 22, 1948, and arrived at Ozark, Arkansas, on January 24 and 25. On arrival the spinach was found to be rotten and unfit for any use and it was taken and dumped by the packing company. The packing company paid the freight charges and according to its testimony it notified the seller of the condition in which the spinach arrived on January 27 by telephone. On February 3 it wrote the plaintiff that the condition of the spinach was unsatisfactory and that it would not pay the contract price.

The seller thereupon petitioned the Secretary of Agriculture for reparation pursuant to 7 U.S.C.A. § 499f, and a hearing before the Secretary resulted in an order by the Secretary requiring the packing company to pay the contract price. The proceedings in the Department of Agriculture were identified as P.A.C.A. Docket 5034, D. J. Fletcher, Complainant, v. Ozark Packing Company, Respondent, and as shown by the findings of fact and conclusions of law and Order therein, it appeared to the Secretary that the shipments of spinach "were iced by [the shipper] in accordance with the contract requirements" and that the buyer accepted the spinach on its arrival and was precluded from recovery of damages for any defects complained of because it failed to give the seller requisite notice of such defect "within a reasonable time".

On the trial of the case in the District court there was no dispute as to the terms of the sale of the three carloads of spinach nor as to the fact that the spinach was shipped on the dates stated and was rotten and unfit for any use on arrival. The plaintiff's testimony tended to show that the three cars of spinach were in good condition when loaded and that plaintiff iced the cars of spinach in compliance with instructions given by the defendant. Also that plaintiff received no notice from defendant of any defect or damage until the third day of February, 1948, which was some nine or ten days after the arrival of the cars at Ozark. But the testimony offered by the defendant supported the allegations of its pleading that "the icing [of said cars by the shipper] was not in compliance with the contract". The defendant had required, and the plaintiff had agreed, that the cars of spinach be iced by using blown ice, blown into the spaces between and above the baskets and filling the cars and that ice was not to be put in the baskets. Defendant's testimony was to the effect that the icing was done only by putting blown ice on top of the baskets of spinach and that such icing was contrary to the contract, was insufficient, and was the cause of the loss. Defendant's testimony also tended to show that the plaintiff was notified of the state of the shipments by telephone on January 27 and by letter on February 3, 1948.

At the conclusion of the evidence the plaintiff made no motion for directed verdict and the court submitted the case to the jury under instructions to the effect that if the plaintiff iced the spinach in accordance with defendant's instructions, he was entitled to recover; that on the undisputed evidence defendant was shown to have accepted the spinach at Ozark but that such acceptance did not deprive the defendant of its right to assert damages for breach of the contract as a defense to the action provided defendant gave notice to the plaintiff of the alleged breach within a reasonable time after defendant knew or ought to have known of such breach. "In this regard, the notice must have been given within such time as a person of ordinary prudence would have given the notice under the same or similar circumstances."

The jury returned a general verdict for the defendant which in view of the pleadings, evidence, and instructions was a finding by the jury that the plaintiff had failed to ice the cars as required by the contract; that the loss had resulted from such failure of the plaintiff; and that the defendant had given the plaintiff notice within a reasonable time. Such finding was supported by substantial evidence.

The appellant contends for reversal that the court erred in instructing the jury as it did, and in refusing to give instructions requested by appellant to the effect that if the packing company failed to apply for Federal inspection of the spinach within 24 hours after receipt of notice of its arrival, such failure constituted an acceptance of the spinach by the buyer, and the verdict should be for the plaintiff; or, if the packing company failed to notify plaintiff within 24 hours after receipt of notice of such arrival that it was rejecting the spinach, the failure to give notice constituted an acceptance of the spinach by the buyer and the verdict should be for the plaintiff. The Perishable Agricultural Commodities Act and Regulations promulgated thereunder, as set forth in 6 Federal Register 3496, are relied on to support the contentions.

But we think there are no provisions of the Act or Regulations which justify or require the giving of such instructions as were requested by plaintiff. The Regulations as shown in 6 Federal Register 3496 are to the effect that the buyer of perishable goods shipped in interstate commerce who fails within 24 hours of their arrival to have a federal inspection of them, or who fails within 24 hours to notify the seller of his intention to reject them, is deemed to have accepted them and cannot reject them. But in this case the buyer paid the freight on the goods and took them into its possession and dumped them and it gave neither of the notices within 24 hours referred to in the Regulations. It admits, and the court found, that it accepted the goods on their arrival. But its position was that the plaintiff had breached the contract and damaged the defendant to the full amount of the contract price by failing to ice the cars as agreed. It set up the breach and the damage as a defense to the plaintiff's action.

The Perishable Agricultural Commodities Act was not intended to repeal the law of sales or to destroy the rights and liabilities of parties contracting under that Act. Rothenberg v. H. Rothstein & Sons, 3 Cir., 183 F.2d 524; Cohen v. Frima Products Co., 5 Cir., 181 F.2d 324; Ernest E. Fadler Co. v. Hesser, 10 Cir., 166 F.2d 904; LeRoy Dyal Co. Inc. v. Allen, 4 Cir., 161 F.2d 152. It has long been the law of sales that one of the remedies which a buyer may pursue is to accept the goods and set up a breach of warranty against the seller by way of recoupment or extinction of the contract price. That remedy is expressly provided by the statutes of Arkansas in Arkansas Statutes Annotated 68–1469, and those statutes must be determinative of the question to the extent that the federal act and regulations do not apply. Rothenberg v. H. Rothstein & Sons, supra.

Appellee was subject to the further duty when it availed itself of the remedy provided by the Arkansas statute of giving notice. Under the law of sales as set out in the Arkansas Statutes Annotated 68–1449, "if, after acceptance of the goods, the buyer fail[s] to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefor." It was necessary then that Ozark notify Fletcher within a reasonable time of Fletcher's alleged breach of contract. The court instructed the jury that reasonable time in such a case would be "within such time as a person of ordinary prudence would have given the notice under the same or similar circumstances". The regulation of the Secretary of Agriculture, 6 Federal Register 3496, sets 24 hours as a reasonable time for giving notice of rejection of goods. But where the buyer has accepted the goods as in this case, there is no pertinent regulation of the Secretary fixing a time for the giving of notice, and therefore the general law of sales must be applied, and that law was correctly stated by the court to the jury.

Here, under the law, and its own admissions, the appellee had accepted the goods. After that acceptance, it is entitled to such protection as buyers have under the ordinary law of sales, provided only that, in instances where it is applicable, the Perishable Agricultural Commodities Act will supplant the general law of sales. In this case there is no provision of the P.A.

C.A. applicable to the precise question presented, and therefore the law of sales, as set out in the Arkansas statutes, was properly applied.

 The case was submitted to the jury on proper instructions, and the verdict of the jury cannot be said to be without support in the evidence, and the judgment is therefore affirmed.