

Hazard & Thames, Jacksonville, for appellant.

WILLIAM H. MANESS, Circuit Judge.

This is an appeal from the small claims court of Duval County. In the court below, appellant sought to recover a $250 deposit paid to appellees upon the execution of a contract for the purchase and sale of real property. The material facts were not in dispute. The contract required appellees (sellers) to furnish a title insurance policy showing their title to the real property to be "good and marketable" — and made no mention of deed restrictions.

The title binder revealed deed restrictions, limiting the use of the property to "residential purposes", and imposing usual residential restrictions. Demand was made for the removal of such deed restrictions or the refund of the $250 deposit. The restrictions were not removed within a "reasonable time", no extension of time requested, and neither did appellees return the deposit.

Appellees relied on the defense that appellant (buyer) knew, or should have known, of the existence of the deed restrictions at the time the contract was executed even though no mention thereof was made. On this review this court must assume that

the trial judge resolved all questions of fact in favor of appellees and that appellant did know of such restrictions.

However, this fact is immaterial and irrelevant to the issues in this case and does not constitute a defense as a matter of law. The contract makes no exception for *any* covenants or restrictions encumbering the title and the contract cannot be varied by parol evidence to show that the parties intended that such "encumbrances" as are known or should be known to appellant shall not render the title unmarketable within the meaning of such contract.

We are not here concerned with zoning regulations which are not usually regarded as an encumbrance. See Wheeler v. Sullivan, 142 So. 817, 106 So. 876. Restrictions imposed by deed are such encumbrances as entitle the purchaser to refuse to consummate the purchase in the absence of the provision to the contrary in the contract of sale. Wheeler v. Sullivan, supra; and there is a clear legal distinction between the two types of encumbrances. See Tolar v. Meyer, 96 So. 2d 554.

Accordingly, it is ordered and adjudged that the final judgment heretofore entered in the small claims court should be reversed, vacated and set aside, and judgment entered in favor of appellant in the amount of $250, plus interest and costs.