**AMERICAN CAN COMPANY, Appellant,**
**v.**
**HORLAMUS CORPORATION, Appellee.**
**No. 21573.**

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1965.

C. Clyde Atkins, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., for appellant, American Can Co.

Kenneth L. Ryskamp, Fuller & Brumer, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, RIVES, Circuit Judge, and DYER, District Judge.

DYER, District Judge.

Appellee, Plaintiff below, HORLAMUS CORPORATION, was engaged in the bakery business and, among other things, produced canned bread which could be stocked for some time by grocery stores.

HORLAMUS entered into a contract with CANNED BREAD COMPANY, pursuant to which the former agreed to sell to the latter its entire canned product. CANNED BREAD thereafter purchased a quantity of cans from AMERICAN CAN COMPANY which were delivered (at the direction of CANNED BREAD) to HORLAMUS and, after having been packed by it, were shipped to CANNED BREAD.

A second quantity of 54,096 cans (which are those involved in this action) were similarly purchased by CANNED BREAD and shipped by AMERICAN to HORLAMUS. When HORLAMUS commenced packing this shipment, it was discovered that an unusually high percentage of the cans were defective. HORLAMUS notified CANNED BREAD of this, who in turn notified AMERICAN.

AMERICAN subsequently advised CANNED BREAD that AMERICAN would accept the responsibility for this shipment of cans because they were not manufactured according to specifications. AMERICAN offered to replace the entire shipment but CANNED BREAD declined. Finally, CANNED BREAD agreed that AMERICAN should take back the unused cans for a full credit to CANNED BREAD of the cost of this shipment, together with a refund of freight paid, with the understanding that AMERICAN would be released from all claims. This was accomplished.

HORLAMUS, claiming a plant operating expense loss and production profit loss because of the defective cans, brought this action against AMERICAN for breach of implied warranty.

At the trial, AMERICAN offered in evidence the sales contract between it and CANNED BREAD, which contained a warranty and limitation of liability clause reading in pertinent part:

> " * * * All containers sold under this agreement are warranted by the supplier against faulty workmanship and defective materials, but such containers are covered by no other warranties, either express or implied. The supplier shall be liable to the buyer for breach of the express warranty set forth in this paragraph, but the supplier shall not otherwise be liable to any claimant, either in tort or in contract, or any claim relating to the containers sold under this agreement. In no event shall the supplier's liability exceed the cost to buyer of the defective containers and any materials packed in them * * * "

An objection of HORLAMUS to this portion of the contract was sustained by the District Court on the theory that the warranty and contractual limitation of liability was not available to AMERICAN in a suit by the ultimate consumer because of an implied warranty which the Florida law reads into all manufactured products.

The complaint alleged privity between HORLAMUS and AMERICAN, as did an Affidavit by the President of HORLAMUS filed in opposition to a Motion for Summary Judgment. Counsel for HORLAMUS stated that HORLAMUS was virtually a subsidiary of CANNED BREAD. The District Court, at the close of the evidence and over the objection of AMERICAN, permitted HORLAMUS to amend its Complaint to state a claim for implied warranty of fitness without privity, and thereafter instructed the jury that there was liability as a matter of law, leaving the amount of damages for ascertainment.

The jury returned a verdict in favor of HORLAMUS in the amount of $11,860.20, which was subsequently reduced by remittitur to $10,660.20, and a Judgment was rendered in that amount. AMERICAN appealed and contends, among other things, (1) that the warranty and limitation of liability clause contained in the purchase contract between AMERICAN and CANNED BREAD was binding on HORLAMUS, and (2) that CANNED BREAD released AMERICAN from liability and this release was binding on HORLAMUS.

■■ A manufacturer's limitation of liability clause is valid and enforceable in FLORIDA against the ultimate consumer. Rozen v. Chrysler Corporation, Fla.App.3, 1962, 142 So.2d 735. There the Court held that a written warranty of a manufacturer containing a clause that it was expressly in lieu of all other warranties, express or implied, limited the liability of the manufacturer to the terms of the warranty and excluded any other warranties, express or implied, which were in conflict with the written warranty. The Court concluded that

since the Defendant complied with the terms of the written warranty by paying for the cost of parts and labor to repair or replace defects in material or workmanship, summary judgment for the Defendant was proper. In this diversity suit, we are Erie-bound by this controlling Florida Appellate decision. Vandenbark v. Owens-Illinois Glass Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 327; Rice v. Continental Casualty Co., 5 Cir. 1946, 153 F.2d 964. We are not concerned, therefore, with cases adopting the opposite view, such as Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358, 161 A.2d 69, 75 ALR2d 1.

We applied the same rationale as in Rozen in McVey v. Phillips Petroleum Company, 5 Cir. 1961, 288 F.2d 53; Cohen v. Frima Products Co., 5 Cir. 1950, 181 F.2d 324.

McBurnette v. Playground Equipment Corp., Fla.1962, 137 So.2d 563, and Continental Cooper and Steel Industries, Inc. v. E. C. "Red" Cornelius, Inc., Fla.App.3, 1958, 104 So.2d 40, relied upon by HORLAMUS, are inapposite. They are readily distinguishable on their facts; but more important, in neither case were express warranties or limitation of liability involved.

█ Since the warranty and limitation of liability contained in the contract between AMERICAN and CANNED BREAD was binding on HORLAMUS, it should have been received in evidence and the damages, if any, calculated in accordance with its provisions.

AMERICAN further presses that the agreement between AMERICAN and CANNED BREAD, pursuant to which AMERICAN took back all of the cans, issued its credit memorandum for the full purchase price and refunded to CANNED BREAD the freight paid for transportation of the cans to Miami, Florida, with the express understanding that AMERICAN was released from all claims, absolved AMERICAN from any liability to HORLAMUS.

█ As noted earlier, in the pleadings and until the close of the evidence, HOR-

LAMUS claimed that CANNED BREAD acted as its agent and that they were in privity. Whether such agency relationship existed and, if so, whether it was known to AMERICAN would be determinative of whether or not this was a situation in which a release by an undisclosed agent was binding on the principal. Wheeler v. Sullivan, Fla.1932, 106 Fla. 109, 142 So. 817; Hammon v. Paine, 1 Cir. 1932, 56 F.2d 19; First National Bank v. Federal Reserve Bank of Kansas City, Missouri, 8 Cir. 1925, 6 F.2d 339. The jury should have passed upon these factual questions.

What we have said is dispositive of the appeal and makes it unnecessary to consider the other specifications of error.

The judgment of the District Court is reversed and the cause remanded for further proceedings.