212 So.2d 69 (1968)
FINANCIAL FIRE & CASUALTY COMPANY, a Florida Corporation, Appellant,
v.
SOUTHMOST VEGETABLE COOPERATIVE ASSOCIATION, a Florida Agriculture Co-Operative Association, Appellee.
No. 67-312.
District Court of Appeal of Florida. Third District.
June 4, 1968.
Rehearing Denied July 24, 1968.
*70 Dean, Adams, George & Wood, Jeanne Heyward, Miami, for appellant.
Frates, Fay, Floyd & Pearson, Miami, for appellee.
Before HENDRY and SWANN, JJ., and NATHAN, RAYMOND G., Associate Judge.
HENDRY, Judge.
This is an appeal by the defendant below, Fidelity Fire & Casualty Company, from an adverse judgment based upon a jury verdict.
The appellee, Southmost Vegetable Cooperative Association, was the owner of a packing facility, consisting of a one story frame building and equipment contained therein, located in Dade County. Insurance protection for this packing facility was obtained from the appellant through its agent, Redland Agencies, Inc. However, in June of 1964, Robert G. Mosley, an employee of Redland, received a letter from the underwriting manager of Fidelity Fire and Casualty Company informing him that, because of cancellations by reinsurers, Fidelity would no longer be able to carry coverage on Southmost's packing facility, and requesting that the policies be terminated not later than July 20, 1964. Subsequently, Mosley went to the offices of Southmost and picked up the policies, for which he signed a receipt. On July 15, he marked the policies cancelled and sent them to Fidelity. There is conflicting evidence as to whether Mosley ever informed Southmost that he had cancelled the policies.
During the evening of August 26, and early morning of August 27, 1964, the Southmost packing facility was completely destroyed by fire. Southmost filed claim and proof of loss forms with Fidelity, but the claim was rejected on the ground that the policies had been cancelled. Thereupon, Southmost instituted suit. As the case progressed, both parties filed motions for summary judgment, which motions were denied. Included in the order of denial, as a part thereof, was the following memorandum:
"Point # 1"
"A prima facie case for recovery on the subject policy appears in the record. There is no issue but that the policy was issued, premiums were paid and the loss occurred prior to the expiration date of the policy.
"Point # 2"
"The Defendant has defended upon either a formal cancellation or cancellation by mutual agreement. There is no formal cancellation because of failure to serve the requisite notice and to tender the refund of premiums. A prima facie defense of mutual cancellation appears in the record inasmuch as Mosley had general agency authority from the Plaintiff at the time he picked up and `cancelled' the policies and inasmuch as, he *71 clearly was acting as agent for the Defendant when he did so.
"Point # 3"
"The Plaintiff then must come forward and attempt to show that there was no mutual cancellation in that the agent Mosley exceeded his known authority when he cancelled the policies without replacing them with policies in other companys equivalent as to the extent of coverage. This can be taken to mean one of two things; either that Mosley's authority was specifically restricted and, therefore, he was acting outside the scope of his authority when he `cancelled', or that his authority was limited to a conditional cancellation, which cancellation was not effective because the condition was never met.
"Because Mosley had been given a blanket authority by the Plaintiff Company to act for it in all insurance matters, such limitation and/or condition upon his unlimited authority must be established to have been `brought home' to the agent. This is important since any knowledge that the agent had is imputable to the Defendant since Mosley was clearly Defendant's agent, but only such knowledge as he had could be imputed to the Defendant. There can be no question here of apparent authority because of the dual agency, unless in fact the limitation and/or condition was not brought home to Mosley. [*]`Brought home' means `communicated to'.
"At this point in the testimony that is before the Court on summary judgment, there appears a conflict as to whether the condition or limitation of authority, which Plaintiff's other employees claimed was understood by them, was ever communicated to Mosley. * * Mosley had authority to cancel on behalf of Plaintiff, unless Plaintiff had communicated a condition or limitation of authority to Mosley. If there was no such communication, the cancellation was effected by Mosley, who could bind Plaintiff and Defendant. If there was such communication, Mosley could not cancel without replacement, Defendant `knew it' through Mosley, and no cancellation was effected since there was no replacement. * * *"
The cause subsequently went to trial, resulting in a jury verdict for the plaintiff. From a judgment based upon that verdict, defendant appeals.
Appellant claims as error the refusal of the trial court to grant its motion for summary judgment. Reduced to its simplest terms, the trial court's memorandum, above quoted, states merely that there existed in this case a genuine issue as to some material fact, that issue being the scope of Mosley's authority as agent for appellee. The existence of an agency relationship, the nature and extent of the agent's authority, and the inclusion within the scope of that authority of a particular act are ordinarily questions to be determined by the jury or by the trier of facts in accordance with the evidence adduced in the particular case. American Can Company v. Horlamus Corporation, 5th Cir.1965, 341 F.2d 730; Joe Reinertson, Inc. v. Nelson, Fla.App. 1964, 160 So.2d 723; One Hour Valet of America, Inc. v. Keck, Fla.App. 1963, 157 So.2d 83; 3 C.J.S. Agency § 330b(1), (2). We are of the opinion that the order of the lower court denying appellant's motion for summary judgment comports substantially with the established rule of law as expressed in the cases of Visingardi v. Tirone, Fla. 1966, 193 So.2d 601, and Holl v. Talcott, Fla. 1966, 191 So.2d 40.
Having reviewed the remaining points raised by appellant in light of the briefs, record on appeal and arguments of counsel, we find no error, as there exists sufficient competent evidence to support a verdict and judgment for the appellee. The judgment appealed is, therefore, affirmed.
Affirmed.