363 So.2d 578 (1978)
LATIN AMERICAN SHIPPING CO., INC., Appellant,
v.
PAN AMERICAN TRADING CORP., Appellee.
No. 78-21.
District Court of Appeal of Florida, Third District.
October 10, 1978.
Rehearing Denied November 17, 1978.
Richard F. Ralph, Miami, for appellant.
Quinton, Leib & Lummus and James D. Adams, Miami, for appellee.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment dated September 28, 1977, entered by the trial court in favor of appellee, plaintiff below. We reverse.
The relevant facts in this matter may be summarized as follows: Appellee had a contract to sell 56 tons of steel reinforcing rods to Diez & Diez (Purchaser) located in Panama. The purchaser opened a letter of credit as security for the purchase price through the Southeast First National Bank of Miami (Bank). The letter of credit had as part of its terms that the goods were to be *579 shipped to Panama City, Panama, via Cristobal and that the ocean bill of lading have an "on board" notation. Originally, appellee intended to ship the goods through the Port of Miami and to use the services of appellant, a Miami freight forwarder. Thereafter, appellee decided to ship the goods out of the Port of Baltimore, Maryland. When appellant was advised of this change, it advised appellee that it could not handle the shipment out of Baltimore and that it would be necessary for a freight forwarder located in New York to handle the shipment with the carrier, Prudential Grace Lines, Inc., whose main offices were in New York. Appellee authorized appellant to do whatever needed to be done in this regard. After this authorization, appellant contacted Gaynar Shipping Corp., a freight forwarder located in New York. Appellee and Gaynar had a correspondent relationship with each referring shipping matters to the other. Also, Gaynar had previously handled shipments of appellee. Appellant forwarded the purchase order, invoices, letter of credit, etc., which it had received from appellee to Gaynar. Gaynar booked space for the shipment with Prudential, prepared the bill of lading, and processed the shipment. Gaynar and Prudential had their offices in the same building in New York City and transacted business together on a regular basis. After Gaynar prepared the bill of lading, Gaynar sent it to Prudential for execution and issuance. Prior to issuing the bills of lading, Prudential changed the port of discharge from Cristobal to Balboa. Further, a notation of "on board" was never made. Subsequently, when Gaynar forwarded the documents back to Miami for presentment to the Bank, the documents were not in order because of the change in place of destination and the failure to include an "on board" notation. Due to these discrepancies, both the advising bank in Miami and the issuing bank in Panama refused to honor the letter of credit. Also, the purchaser in Panama refused to waive the discrepancies. The goods left Baltimore and arrived in Balboa following the presentment of the documents to the Miami bank. Appellee advised Prudential that the goods had not been delivered as booked and in accordance with the bill of lading as prepared by Gaynar pursuant to the booking. Appellee then demanded payment from Prudential while, in effect, abandoning the goods to it. Apparently, appellee never contacted the purchaser or made any effort to enforce the purchase contract. Appellee did make some inquiries about selling the goods to third parties. At the time of trial, appellee did not know the whereabouts of the goods.
Based upon these facts appellee filed a complaint, as amended, alleging, among other things, that appellant was negligent and that Gaynar was its agent. (Service on Gaynar was quashed). The cause came on for a jury trial against the remaining defendants. On September 28, 1977, pursuant to the jury verdict, the trial court entered a final judgment in favor of appellee and Prudential and against appellant in the sum of $16,590.75. The trial court retained jurisdiction to award costs upon proper motions by the prevailing parties. From this final judgment appellant brings this appeal.
Among the points raised by appellant on appeal, we find the following one to be dispositive of the appeal. In its instructions to the jury, the trial court stated "[t]he Court instructs you that Latin American Shipping [appellant] is responsible for any negligence of Gaynar Shipping Corporation in the performance of their duties pursuant to the subject shipment." Appellant objected to this instruction on the ground that it erroneously instructed the jury that as a matter of law it was liable for the negligence of Gaynar. In overruling appellant's objection, we believe that the trial court erred. The question of whether appellant was liable for the negligence of Gaynar depended upon its agency relationship, if any, with Gaynar. Under the facts as revealed by this record, the question of existence of any such agency relationship was properly one for the jury to determine. Therefore, it was improper to instruct the jury that as a matter of law appellant was liable for the negligence of Gaynar. See, e.g., Smith v. Texas Co., 111 Fla. 762, 149 So. *580 585 (1933); American Can Co. v. Horlamus Corp., 341 F.2d 730 (5th Cir.1965); Eberhardy v. General Motors Corp., 404 F. Supp. 826 (D.C.Fla. 1975); Amerven, Inc. v. Abbadie, 238 So.2d 321 (Fla. 3d DCA 1970); and Financial Fire & Casualty Co. v. Southmost Vegetable Cooperative Assoc., 212 So.2d 69 (Fla. 3d DCA 1968). Because of this erroneous instruction, the final judgment appealed must be reversed.
In the light of this determination, it is unnecessary for us to consider the other points raised by appellant on appeal. We are confident, upon retrial, that the trial court will carefully review the points of law raised, including any issue raised about the mitigation of damages.
Reversed and remanded.